# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ORTHOPHOENIX, LLC, <br><br> Plaintiff, <br><br> v. <br><br> STRYKER CORPORATION, et al., <br><br> Defendants. <br><br>  <br><br> STRYKER CORPORATION, <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> ORTHOPHOENIX, LLC; <br> IP NAVIGATION GROUP, LLC; <br> MEDTRONIC, INC., <br><br> Counterclaim Defendants. | Civil Action No. 13-1628-LPS |

## DEFENDANT/COUNTERCLAIM PLAINTIFF STRYKER'S LETTER IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ITS FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Of Counsel:

Sandra A. Frantzen
Robert F. Kappers
McAndrews, Held & Malloy, Ltd
500 West Madison Street
Chicago, IL 60661
(312) 775-8000
sfrantzen@mcandrews-ip.com
rkappers@mcandrews-ip.com

Dated: February 19, 2016

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Anne Shea Gaza (No. 4093)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
swilson@ycst.com

*Attorneys for Defendant/Counterclaim Plaintiff Stryker Corporation*

Dear Chief Judge Stark,

## INTRODUCTION AND SUMMARY

In a lawsuit with the original patent owner (Kyphon), Counterclaim Defendant Medtronic alleged that a patent at issue in this case was unenforceable due to inequitable conduct. Recent discovery (including the deposition of prosecuting attorney Daniel Ryan on February 3, 2016) confirms that Medtronic's allegations were correct. Through this recent discovery, Stryker has also identified additional bases for alleging inequitable conduct. Pursuant to F.R.C.P. 15, Defendant Stryker now moves for leave to amend its answer and counterclaims to plead that two of the patents-in-suit (the 138 and 672 patents) are unenforceable due to inequitable conduct.

**Failure to Disclose the Kuslich References.** Stryker's proposed amendments (Exhibit 1) allege that, during prosecution of the 138 patent, prosecuting attorney Ryan withheld material prior art ("the Kuslich references") from the Patent Office ("PTO") despite knowing about them and repeatedly disclosing them in the prosecution of other, unrelated patent applications. (*See, e.g.,* ¶¶ 142, 144-145, 148-156, 180-215.) Indeed, the Kuslich references are highly material to the 138 patent claims as they disclose cavity formation in a vertebral space and the use of a rotatable cutting tool with retractable cutting blades for cavity creation. (¶¶ 151-55, 184, 193.) While Ryan and the PTO discussed prior art in the 138 prosecution relating to ablation of heart tissue (which Ryan argued was not relevant because it did not relate to bone) (¶¶ 183-88), the evidence shows that Ryan knew about the highly material Kuslich references but failed to disclose them. (¶¶ 193, 194, 197.) Consistent with Medtronic's prior allegations, Stryker alleges that the Kuslich references were highly material to the claims of the 138 patent application and that Ryan breached his duty of candor and good faith by failing to disclose them.

**False and Misleading Statements in the Revival Petition.** Stryker's proposed amendments also allege that Ryan made a number of false statements and misrepresentations in a Petition to Revive the 138 patent application after the patent application became abandoned in July 1998 due to Ryan's failure to respond to a PTO notice. (*See, e.g.*, ¶¶ 142, 143, 157-179, 212-215.) Among other things, Ryan misrepresented the date of abandonment (stating that it was November 1998 even though his own documents (Exs. 3 and 4) showed the July deadline), falsely stated that he was filing the petition within a year of abandonment (even though he filed it over fourteen months later), and made other misleading statements regarding the delay period. (¶¶ 166-170.) Ryan testified that he knew that filing within a year was important. (¶ 171; Ex. 5 at 169:25-170:5.) Stryker alleges that these false statements are affirmative acts of egregious misconduct and that Ryan made them with intent to deceive the PTO into wrongly reviving the 138 application. (¶¶ 143, 178.) Stryker alleges that the 672 patent, which is a division of the 138 patent, is also unenforceable because it could not have been filed, and would not have issued, if the 138 patent was not improperly revived. (*See, e.g.,* ¶¶ 216-222.)

## BACKGROUND

In late 1996, Kyphon (the original patent owner) retained attorney Daniel Ryan to prosecute its patent applications. (Ex. 5, Ryan Tr. at 31:7-14.) One of the first patent applications that Ryan filed was the 805 application, which was filed in April 1998 and ultimately issued into the 138 patent-in-suit. (Ex. 1 at ¶¶ 147, 149.) The 672 patent-in-suit is a division of, and claims priority to, the 138 patent. (*Id*. at ¶ 199.) While prosecuting patents for Kyphon, Ryan collected patents that had issued to an inventor named Stephen Kuslich. (*Id*. at ¶ 148.) In prior litigation with Kyphon, Medtronic alleged, *inter alia,* that the 138 patent was

unenforceable due to inequitable conduct relating to Ryan's failure to disclose one of the Kuslich references (Kuslich 255) to the PTO. Medtronic subsequently acquired Kyphon and these patents. While it owned the patents, Medtronic never asserted any of the patents-in-suit against Stryker. In April 2013, Medtronic purportedly transferred patents to Plaintiff Orthophoenix, who then sued Stryker (and others) on the 138 and 672 patents.

In view of the foregoing, in October 2014, Stryker requested information from Orthophoenix and Medtronic to investigate whether Ryan committed inequitable conduct, as Medtronic alleged. When relevant documents were not produced, in September 2015, Stryker served a subpoena on Ryan's law firm ("the RKM firm") and another firm ("Townsend") to obtain prosecution documents. The RKM firm forwarded the subpoenaed documents to counsel for Orthophoenix, which was both improper and further delayed production. (Ex. 8.) Meanwhile, Townsend produced evidence that it had transferred subpoenaed documents to Ryan and Medtronic. (Ex. 9.) Despite Stryker's requests (Ex. 10, Ex. 6), by mid-December 2015, Stryker still did not have production of relevant prosecution documents (and has yet to receive any of the files transferred by Townsend). Eventually, Orthophoenix produced some but not all of the RKM documents. On December 11, 2015, Stryker served a subpoena on Ryan. While the deposition was noticed for December 28, Orthophoenix's counsel stated that Ryan was not available until late January 2016. On December 23, 2015, Orthophoenix finally produced internal prosecution files that Orthophoenix had been stating for over a year that it did not have. (Ex. 7.) And, in late December, Medtronic began producing requested internal prosecution files, and last month, finally produced the Ryan's transcript from its litigation with Kyphon. The parties stipulated to move the amendment deadline to February 19, 2016, and, despite the lack of documents, Stryker deposed Ryan on February 3, 2016. (D.I. 178.)

Even with the limited documents available to Stryker, sufficient evidence now exists for Stryker to plead that Ryan committed inequitable conduct during prosecution of the 138 and 672 patents as described above. These allegations are described in detail in Stryker's amendments.

## ARGUMENT

Leave to amend is freely granted unless there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies. . ., undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Dole v. Arco*, 921 F.2d 484, 487 (3d Cir. 1990). Because these factors are not present here, Stryker's motion should be granted.

***Plaintiff Orthophoenix does not allege that Stryker has delayed in seeking to amend its pleadings***. Stryker subpoenaed and deposed Ryan as soon as it was able to obtain at least some relevant documents and filed this motion within 12 business days of Ryan's deposition.

***Stryker acted in good faith and without dilatory motive***. Orthophoenix has not alleged bad faith or dilatory motive. Potential amendments were raised several times with Orthophoenix and Orthophoenix knew that Stryker may move to amend well before Stryker's filing.

***Orthophoenix has not contended that granting the relief sought by Stryker's Motion will prejudice Orthophoenix***. Undue prejudice cannot be shown here and Orthophoenix does not allege it. Orthophoenix will have full opportunity to present evidence to counter Stryker's defense. Indeed, Orthophoenix's counsel represents the key parties involved in this defense.

***Stryker's proposed Amended Counterclaims are not futile***.  An amendment is not futile if it states a claim upon which relief can be granted.  *See In re Rembrandt Techs., LP Patent Litig.*, No. 07-1848-GMS-LPS, 2009 WL 1868646, at *4 (D. Del. June 29, 2009).  In assessing futility, the facts as alleged must be accepted as true.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The inequitable conduct allegations in Stryker's proposed amendments, which must be accepted as true, state a claim upon which relief can be granted.

"The substantive elements of inequitable conduct require: '(1) an individual associated with the filing and prosecution of a patent application made an affirmative misrepresentation of a material fact, failed to disclose material information, or submitted false material information; and (2) the individual did so with a specific intent to deceive the PTO.'"  *Masimo Corp. v. Philips Elec. N. Am.*, No. 09-80-LPS-MPT, 2014 WL 4365191, at *1 (D. Del. Sept. 2, 2014) (citation omitted); *see also Therasense, Inc. v. Becton, Dickonson & Co.*, 649 F.3d 1276, 1292 (Fed. Cir. 2011).  "[T]he standard for proving inequitable conduct is a more rigorous one than the standard for pleading inequitable conduct."  *Butamax Advanced Biofuels v. Gevo,* No. 11-54-SLR, 2012 WL 2365905, at *3 (D. Del. June 21, 2012).

Orthophoenix has contended that Stryker has failed to sufficiently allege materiality and intent.  Orthophoenix's allegations are wrong and constitute a dispute on the merits, which is not appropriate at the amendment stage.  The proposed amendments set forth more than sufficient facts and details regarding Ryan's inequitable conduct including facts relating to materiality and intent, which must be accepted as true.  (Ex. 1 at ¶¶ 139-222.)  For example, with regard to the Kuslich references, Orthophoenix concedes that the Kuslich references are material but argues that Stryker did not allege knowledge during the prosecution of the 138 patent.  That contention is misguided.  Stryker repeatedly alleges that Ryan knew of the Kuslich references throughout the prosecution of the 138 patent application, knew of their materiality, and yet deliberately failed to disclose those references with the intent to deceive the PTO.  (*See, e.g., id.* at ¶¶ 143-144, 150-151, 190-191, 193-194, 197, 212.)  Indeed, Stryker alleges that the "most reasonable inference to be drawn from the evidence is that Ryan. . .knew of the materiality of the Kuslich references during the prosecution of the '138 patent application yet failed to disclose the references to the Patent Office with the intent to deceive the Patent Office into allowing the claims of the '138 patent."  (*Id.* at ¶ 197.)  Likewise, with regard to the improper Revival Petition, Stryker repeatedly alleges that Ryan's false and misleading statements were both material and that Ryan made those statements intending to deceive the PTO. (*See, e.g., id.* at ¶¶ 143, 171-172, 174, 176-177, 212.)  Indeed, Stryker alleges that "[t]he most reasonable inference able to be drawn from the evidence is that Ryan deliberately made false and misleading statements in the Revival Petition and that these false and improper statements were made with the intent to deceive the Patent Office into wrongly reviving the '805 application." (*Id.* at ¶ 177.)

Although Orthophoenix may dispute the merits, Stryker's detailed factual allegations must be accepted true at this stage.  Stryker's proposed Amended Answer (Exhibit 1) alleges sufficient facts to state claims of inequitable conduct and states causes of action upon which relief may be granted.  Therefore, Stryker respectfully requests that the motion be granted.

                                         Respectfully submitted,

                                         */s/ Anne Shea Gaza*

                                         Anne Shea Gaza (No. 4093)

cc: All Counsel of Record (via e-mail, with Sealed Exhibits)