
John W. Shaw
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 298-0700
(302) 298-0701 – Direct
jshaw@shawkeller.com

September 16, 2016

**BY CM/ECF AND HAND DELIVERY**
The Honorable Leonard P. Stark
United States District Court
844 N. King Street
Wilmington, DE 19801

     Re:    <u>*Orthophoenix, LLC. v. Stryker Corp.*, et al.</u>, C.A. No. 13-1628-LPS

Dear Chief Judge Stark:

     I write on behalf of Medtronic, Inc. ("Medtronic"), pursuant to the Court's oral order dated September 21, 2016.

     Although OP[1] included a shot-gun blast of objections to Medtronic's Motion to Enforce Settlement Agreement, it did not object to Medtronic's request for pre-judgment interest in its opposition. And for good reason. "'In Delaware, prejudgment interest is awarded as a matter of right." *Esprit Health, LLC v. University of Delaware*, 2015 WL 9305644 at *1 (D. Del. Dec. 21, 2015) (quoting *Citadel Holding Corp. v. Raven,* 603 A.2d 818, 826 (Del. 1992)). Accordingly, the Court should exercise its discretion to award Medtronic pre-judgment interest on all amounts owing by OP at the time of a final decision on Medtronic's motion. (D.I. 274). *See*, *e.g.*, *Cox v. Shalala*, 112 F.3d 151, 155 (4th Cir. 1997).

     Prejudgment interest at the very least should function to "(i) fully compensate the wronged party for actual damages suffered" and "(ii) recognize considerations of fairness and the relative equities of the award." *Wickham Contracting Co. v. Local Union No. 3, IBEW, AFLCIO,* 955 F.2d 831, 833-34 (2d Cir. 1992). Prejudgment interest would compensate Medtronic for OP's totally unjustified repudiation of its commitment to reimburse Medtronic for its litigation expenses, including the time-value of money. Such a ruling would prevent OP from "profit[ing] from their attempts to avoid the settlement agreement that they freely and voluntarily entered by retaining the interest on the money they should have paid to [Medtronic] pursuant to their settlement agreement." *See*, *e.g.*, *Sagdighi v. Daghighfekr*, 66 F. Supp. 2d 752, 765 (D.S.C. 1999). As it is, OP benefited from the use of the funds up until it finally agreed to reimburse Medtronic in the settlement agreement.

     <u>**Pre-Judgment Interest:**</u>  Interest calculated for the period prior to the Court's entrance of a final decision granting an award to Medtronic for a specified, quantified amount should be calculated as pre-judgment interest. *See, e.g., Special Devices, Inc. v. OEA, Inc.* 269 F.3d 1340, 1341, 1345-46 (Fed. Cir. 2001) (an award of attorneys' fees is not a final judgment until it is quantified).

---

[1] "OP" collectively refers to plaintiff Orthophoenix, LLC ("Orthophoenix"), its affiliate Marathon Patent Group, and counterclaim defendant IP Navigation Group.

SHAW KELLER LLP
Page 2

"'In absence of an express contract rate, Delaware courts use the 'legal rate' as the default rate.'" *Esprit Health*, 2015 WL 9305644 at *2 (quoting *Beard Research, Inc. v. Kates*, 8. A.3d 573, 620 (Del. Ch. 2010)).  The statutory legal rate of interest in Delaware is "5% over the Federal Reserve discount rate . . . as of the time from which interest is due."  6 Del. C. § 2301(a). As of the date of Medtronic's submission of accounting, the Federal Reserve discount rate was 1%.  *See* https://www.frbdiscountwindow.org/en/Pages/Discount-Rates/Current-Discount-Rates.aspx.  Thus the proper pre-judgment interest rate is 6%.  To the extent an online calculator for calculation of pre-judgment interest at a rate of 6% would be helpful to the Court, one is available here:  https://www.judgmentmarketplace.com/tools/calculator.

As of the date scheduled for hearing in this matter, the total amount that has been invoiced to Medtronic in connection with this litigation is $664,206.31.  D.I. 289 ¶¶ 2, 14.  This does not include September costs still to be billed to Medtronic.  OP's payment to Medtronic of $563,000.49 was due on May 21, 2016, 10 days after OP received payment under the settlement agreement from Stryker Corporation.  Medtronic respectfully suggests that, for those amounts invoiced after May 21, 2016 (which are set forth in D.I 289), ten days after the date of Medtronic's accounting submission be similarly set as the date due for payment by OP in calculating interest other than the Special Master costs, for which payment was due "upon receipt."  For those costs that OP has already received invoices for, pre-judgment interest at a 6% rate is as follows:

| Amount | Description | Date | Due Date | Interest |
|---|---|---|---|---|
| $563,000.49 | Amounts due as set forth in invoices provided to OP as of 5/11/2016 | 5/11/2016 | 5/21/2016 | $11,383.41 |
| $9,429.50 | Special Master costs | 5/23/2016 | 5/23/2016 | $187.56 |

**Post-Judgment Interest:**  Post-judgment interest is assessed at "a rate equal to the weekly average 1-year constant maturity Treasury yield . . . for the calendar week preceding[] the date of the judgment."  28 U.S.C. § 1961(a).  Such interest compounds annually.  *Id.* at § 1961(b).  This rate may be found at http://www.federalreserve.gov/releases/h15/current/, and as of the date of this letter, is listed as 0.61 percent per annum for the week ending September 16, 2016.  Medtronic suggests that the following formula be used to calculate a daily post-judgment interest amount due on any award to Medtronic:

[(Judgment amount) x (statutory rate)] / 365 days

The preceding week's rate becomes available each Monday.  Thus, a post-judgment interest rate for use in the equation above should be available on the Monday of the week during which a decision is entered that sets forth a quantified, specified amount for payment.

Respectfully submitted,

*/s/ John W. Shaw*

John W. Shaw (No. 3362)

SHAW KELLER LLP
Page 3

cc:   All Counsel of Record (by CM/ECF)
      Clerk of the Court (by CM/ECF)